NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WINECUP GAMBLE, INC.,

    Plaintiff-counter-
defendant-Appellant,

    v.

GORDON RANCH LP,

    Defendant-counter-claimant-
Appellee.

No.   20-16411

D.C. No.
3:17-cv-00163-RCJ-WGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted June 8, 2021[**]
Portland, Oregon

Before: WARDLAW and HURWITZ, Circuit Judges, and BOLTON,[***] District
Judge.

    Winecup Gamble, Inc. appeals the district court's order granting Gordon

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Ranch LP's motion for case-terminating discovery sanctions under Federal Rule of Civil Procedure 37(e)(2). We have jurisdiction under 28 U.S.C. § 1291. We reverse, vacate the judgment, and remand for further proceedings.

1. Rule 37(e) sanctions are available when "electronically stored information ["ESI"] that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and [the information] cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). If the district court concludes that these threshold findings are met, it must then determine the appropriate sanction. If the district court finds that the loss of ESI has prejudiced the moving party, it "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). If the district court further finds that the offending party "acted with the intent to deprive another party of the information's use in the litigation," the district court may presume (or instruct the jury to presume) that the lost information was unfavorable to the offending party, dismiss the action, or enter a default judgment. Fed. R. Civ. P. 37(e)(2).

Under the standards set forth in Rule 37(e), the district court erred in imposing case-terminating discovery sanctions against Winecup. *See Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1070 (9th Cir. 2016). There is no evidence that Clay Worden, Winecup's accountant and chief negotiator, knew that

his emails were lost until discovery commenced in 2019. Worden's ESI was managed by the IT department at his independent accounting firm. At Worden's deposition, he explained that although he alerted his IT department of the preservation order in 2017, the instruction was not followed (for unknown reasons), and the documents therefore could not be recovered. The record, in short, does not support the conclusion that Worden, let alone Winecup, "acted with the intent to deprive" Gordon Ranch of any ESI. Fed. R. Civ. P. 37(e)(2).

Moreover, the Advisory Committee Notes emphasize that the "remedy should fit the wrong," and the importance of the purportedly lost ESI is not entirely clear. *See* Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment. Winecup represents that all of Worden's relevant ESI has been produced through other sources, and several individuals testified that there would be few, if any, relevant text communications. Winecup has also represented that Worden's accounting work papers are not "lost" but rather have not been produced because they are irrelevant and unresponsive to Gordon Ranch's subpoena request.

2. Upon remand, we instruct the Chief Judge of the District of Nevada to assign this case to a different judge for further proceedings. Because the district court has now twice erroneously issued pretrial orders terminating the case, *see Winecup Gamble, Inc. v. Gordon Ranch LP*, 747 F. App'x 632, 633 (9th Cir. 2019), reassignment is appropriate to preserve the appearance of justice, *see In re*

3

*Benvin*, 791 F.3d 1096, 1104 (9th Cir. 2015) (per curiam).

**REVERSED, VACATED, and REMANDED.**